MELISSA A. VERMILLION
State Bar No. 241354
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(972) 661-7725 - Fax
File No. 7973985
ndcaecf@BDFGroup.com

Attorneys for Secured Creditor
WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br>MARIA THERESA BARRIA,<br><br>Debtor(s). | CASE NO.: 18-52367 MEH-11<br>CHAPTER: 11<br><br>STIPULATION RE: TREATMENT OF CLAIM UNDER DEBTOR'S CHAPTER 11 PLAN<br><br>[PROPERTY: 7037 GULLANE WAY, EL DORADO HILLS, CA 95762-7695] |

IT IS HEREBY STIPULATED BY AND BETWEEN Secured Creditor WELLS FARGO BANK, N.A. ("Wells Fargo") through its counsel, Melissa A. Vermillion, Esq. of Barrett Daffin Frappier Treder & Weiss, LLP and Nancy Weng, Esq. of Farsad Law Offices, attorneys of record for Debtor Maria Theresa Barria ("Debtor") as follows:

1

## RECITALS

1. GEM ANNE BARRIA and Debtor, MARIA THERESA BARRIA executed a promissory, dated January 7, 2004 ("Note"). The Note is secured by a first priority Deed of Trust encumbering the real property located at **7037 GULLANE WAY, EL DORADO HILLS, CA 95762-7695** ("Property") and recorded on January 12, 2004 as Document No. 2004-0002111-00 in the Office of the County Recorder of El Dorado County, California ("Deed of Trust") ("Loan Obligation").

2. On October 23, 2018, the Debtor MARIA THERESA BARRIA commenced this voluntary Chapter 11 case in the United States Bankruptcy Court for the Northern District of California, San Jose Division, Case No. 18-52367. Debtor's Chapter 11 plan has not been filed.

3. On January 28, 2019, Creditor filed a timely Proof of Claim which evidences a claim of $738,221.86 and arrearages in the amount of $287,101.55.

## THE PARTIES STIPULATE AS FOLLOWS:

1. The Property shall have until October 31, 2019 ("Sale Period") to sell or refinance the Property and pay Wells Fargo in full.

2. During the Sale Period the Debtor shall make ongoing adequate protection payments of $2,000 per month to Secured Creditor. The first payment shall be due on April 15, 2019 and each consecutive payments shall be due on the 15th day of each month thereafter.

3. Payments shall be made to: Wells Fargo Home Mortgage, P.O. Box 14507, Des Moines, IA 50306.

4. If any payment is not timely received, Movant shall serve written notice upon the Debtor and Debtor's attorney (by facsimile and mail), allowing the Debtor ten (10) calendar days from the date of service to cure the default. If Movant does not receive the amount in default before the expiration of said ten-day period, Movant may submit a declaration re: breach of condition and a final

2

relief order, which the Court may enter without further notice or hearing, notwithstanding the Sale Period. Debtor shall be entitled up to one (1) such notice of default and opportunities to cure. Once Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing, notwithstanding the Sale Period.

5. In the event that the Property is not sold by October 31, 2019, Wells Fargo shall have relief from the automatic stay pursuant to 11 U.S.C. §§362(d)(1) and (d)(4) without further order of this Court.

6. That the Order if recorded in compliance with applicable state law, the order granting this motion will be binding and effective in any other case under this title purporting to affect the subject property filed no later than two (2) years after the date of the entry of the order by the court, except that a debtor in a subsequent case filed under any other Chapter of Title 11 may move for relief from the terms of this order based upon a changed circumstance or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording. 11 U.S.C. § 362(d)(4).

7. The 14-day stay as provided in FRBP 4001(a)(3) is waived.

8. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

9. The terms of this Stipulation may not be modified, altered, or changed by the Plan,

any confirmation order thereon, any subsequently filed Amended Chapter 11 Plan of Reorganization and confirmation order thereon without the express written consent of the Creditor. The terms of this Stipulation shall be incorporated into the Plan and/or any subsequently filed Amended Chapter 11 Plan of Reorganization.

10. This Stipulation shall constitute a ballot voting in favor of Debtor's Chapter 11 Plan of Reorganization and any subsequently filed Amended Chapter 11 Plan of Reorganization with respect to Creditor's claim, so long as the Plan reflects the Stipulation terms.

DATED: 4/16/2019                                    DATED: 4/6/19

/s/ Melissa A. Vermillion                           /s/ Nancy Weng
MELISSA A. VERMILLION                               NANCY WENG
Attorney for Secured Creditor                       Attorney for Debtor